CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 3/1 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| FRANKIE M. MILLER, JR., | ) | CASE NO. 7:11CV00180 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| ROBERT O. MARSH, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Frankie M. Miller, Jr., a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that during his incarceration at Augusta Correctional Center from March 16, 2009 until late 2010, the defendant prison officials deprived him of appropriate medical treatment for severe foot pain that has been diagnosed as plantar facitis and pain in his hip and groin area caused by degenerative changes in his hips. He sues medical staff at Augusta, as well as Fred Schilling and Dr. Harvard Stephens, administrative officials with the Virginia Department of Corrections (VDOC) in Richmond, seeking monetary and equitable relief. He has also moved for immediate injunctive relief. Upon review of the record, the court will direct the clerk to attempt service of process of the complaint on the defendants. However, for the reasons stated below, the court concludes that Miller's motion for interlocutory injunctive relief must be denied.

Miller asserts that he has suffered from foot pain since 2007 and from hip pain since November 2008. He alleges that although prison medical officials have conducted tests and prescribed various treatments, including medication, exercises, special shoes, arch supports, a bottom bunk, and a light or no work status, these treatments and accommodations have not provided him with adequate relief from his foot and hip pain. Repeatedly, he has asked all of the

defendants to arrange for him to be referred to a specialist for evaluation and recommendations for effective treatment for these conditions, but the defendants have denied these requests. Although Miller has been confined at Greensville Correctional Center since late 2010, he asserts that he is entitled to interlocutory injunctive relief from VDOC administrators, Defendants Schilling and Stephens. Specifically, he moves the court for an injunction directing these defendants to transfer Miller immediately from Greensville to a medically equipped prison facility and to ensure that he receives prompt, specialized treatment for his conditions, even before resolution of this lawsuit.

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial,[1] the party seeking the preliminary injunction must demonstrate that: (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374 (2008). A showing of a "strong possibility" of harm is insufficient, because the standard requires a showing that harm is "likely." Id. Each of these four factors must be satisfied before interlocutory injunctive relief is warranted. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated by, remanded by, cert. granted, 130 S. Ct. 2371 (2010), reaffirmed in part, remanded by, 607 F.3d 355 (4th Cir. 2010). Because the primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits, interlocutory injunctive relief which changes the status quo pending trial is limited to cases where "the

---

[1] Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Rule 65(b), Federal Rules of Civil Procedure. Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that petitioner is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

exigencies of the situation demand such relief" and cannot be "availed of to secure a piecemeal trial." Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

Upon review of the record, the court concludes that Miller's motion for interlocutory injunctive relief must be denied. First, Miller's motion seeks to change the status quo–to achieve a court-ordered evaluation by a medical specialist and a transfer to a different prison facility, both of which prison officials have previously refused to provide. Rather than maintaining the status quo between the parties, granting the requested relief would require prison officials to expend substantial effort and resources and would circumvent established VDOC procedures for determining when a transfer or a referral to a medical specialist will be ordered. Defendants should not be put to these burdens before having a chance to develop the issues through the normal litigation processes. Id.

Moreover, in order to find that the "exigencies" of Miller's situation warrant immediate court intervention, the court would have to decide whether Miller has a serious medical need for the requested remedies. Deciding issues in this piecemeal fashion is highly discouraged. Id.

Most importantly, Miller is currently under the care of medical personnel at Greensville, and a physician there has agreed to recommend that Miller be referred to a specialist for evaluation of his conditions and recommendations for treatment of his foot and hip pain. Thus, Miller's own submissions preclude a finding that he is likely to suffer irreparable harm without court intervention. As he thus cannot satisfy one of the four necessary elements to warrant interlocutory injunctive relief under Winter, his motion for such relief must be denied. Real Truth, 575 F.3d at 347. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 31ˢᵗ day of May, 2011.

_____
Chief United States District Judge